UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Carl McNeil, # 21196-056, | ) C/A No. 5:13-2920-DCN-KDW |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| M. Cruz, Warden FCI-Williamsburg, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

This habeas corpus case filed by a federal prisoner is before the court for consideration of Respondent's Motion to Construe as § 2255 and to Transfer. ECF No. 17. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court.

In the Motion, Respondent asks the court to construe the § 2241 Petition submitted in this case as a § 2255 motion to vacate and to then transfer it to the Eastern District of North Carolina, where the sentence Petitioner is now serving was entered. *Id*. On June 12, 2014, the assigned United States Magistrate Judge issued an Order directing Petitioner to respond to Respondent's Motion and informing Petitioner that, if he did not adequately respond to the Motion, the court "may grant the Respondent's Motion, which may end your case in this court and require you to proceed in the Eastern District of North Carolina." Order 2, ECF No. 18. In a letter dated June 30, 3014, and docketed by the court on July 3, 2014, Petitioner responded that he is "not in opposition to" the court's construing the case as one filed pursuant to § 2255 and transferring it. ECF No. 20.

I.      Relevant Factual and Procedural Background

Petitioner pleaded guilty in the United States District Court for the Eastern District of North Carolina on January 21, 2003 to federal charges of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *United States v. McNeil*, No. 7:02-CR-98-F-1, ECF No. 26 (in E.D.N.C. matter). He was sentenced to consecutive sentences of 120 months and 327 months imprisonment. *Id*. at ECF No. 32. His conviction was affirmed by the Fourth Circuit Court of Appeals on May 18, 2005. *Id*. at ECF No. 38. It does not appear that Petitioner filed any motions to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court after the conclusion of his direct appeal. Petitioner is currently incarcerated and serving his sentences at FCI-Williamsburg, in Salters, South Carolina.

In the § 2241 Petition submitted in this case, Petitioner asks the court to vacate his convictions and to grant his immediate release from prison based on three relatively recent opinions from the Fourth Circuit Court of Appeals: *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), *United States v. Miller*, 735 F.3d 141 (4th Cir. 2013), and *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013). He contends that these cases require that his sentence be vacated because the predicate state convictions used to support enhancement were for crimes that are no longer considered violent in nature in this Circuit. Pet'r Mem. 3-5, ECF No. 1-1.

II.     Discussion

It has been held that "§ 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause' . . . ." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000).

Federal prisoners often attempt to overturn federal convictions or sentences by filing a § 2241 action in the district where they are incarcerated. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259-61 (4th Cir. 2002) (upholding summary dismissal of § 2241 action filed in the District of South Carolina that challenged convictions and sentences entered in the United States District Court for the District of Puerto Rico).[1]

As applied here, the law stated above indicates that Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. However, because Petitioner has not yet filed a motion to vacate under § 2255 in the sentencing court, he cannot demonstrate that its relief would be "inadequate or ineffective" at this time. Courts generally require a prisoner in federal custody to first proceed with a § 2255 motion before attempting to satisfy the "savings clause" which would allow a § 2241 petition to be filed at a later date. *See Hernandez v. Drew*, 371 F. App'x 991, 993 (11th Cir. 2010) (a prisoner may not circumvent the requirements for filing a § 2255 motion by filing a § 2241 petition); *see also Bearden v. Atkins*, No. 1:12-3093, 2013 WL 7566302 (D.S.C. Feb. 27, 2013); *Ross v. Mitchell*, No. 6:10-1891, 2010 WL 3522359, *2 (D.S.C. Aug. 11, 2010) (adopted by 2010 WL 3522357 (D.S.C. Sept. 3, 2010)).

The undersigned finds it in the interest of justice for this court to re-characterize this § 2241 Habeas Petition as a motion to vacate, set aside, or correct Petitioner's sentence pursuant to 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . to avoid an unnecessary

---

[1] The fact that a § 2255 action may be unsuccessful, untimely, or successive does not render it an inadequate or ineffective remedy. *In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

dismissal . . . ."). Petitioner has not filed a previous § 2255 motion in the sentencing court and he relies on decisions of the Fourth Circuit Court of Appeals issued since the conclusion of his direct appeal that could have some bearing on the underlying validity of his sentences. Under these circumstances, without expressing any opinion as to the merits of Petitioner's contentions, it is appropriate for this court to re-characterize the Petition rather than dismiss it without prejudice for lack of subject matter jurisdiction under § 2241. Furthermore, conversion of the § 2241 Petition to a § 2255 motion requires this court to transfer the motion to "the court which imposed the sentence . . . ." *See* 28 U.S.C. § 2255(a); *see also* 28 U.S.C. § 1631 (providing that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ."); *United States v. Bowman*, No. 13-6827, 2014 WL 1228589, *2 (4th Cir. 2014) (§ 2255(a) "direct[s]" a prisoner to move the sentencing court for collateral relief).

Even though, as previously noted, Petitioner was provided notice of Respondent's Motion and gave his consent for the court to grant the Motion and to transfer this case to the Eastern District of North Carolina, ECF No. 20, out of an abundance of caution, the undersigned submits this Report and Recommendation so that Petitioner will be provided with detailed, formal notice of the court's intent to re-characterize his Petition as contemplated in *Castro v. United States*, 540 U.S. 375, 383 (2003) (requiring district court to provide notice when it re-characterizes a pro se litigant's motion as a first § 2255 motion). *See Shaw v. United States*, 417 F. App'x 311, 312 n.* (4th Cir. 2011); *United States v. Blackstock*, 513 F.3d 128, 134-35 (4th Cir. 2008). Petitioner is informed that, if the United States District Judge accepts this Recommendation and re-characterizes this action as a § 2255 petition, **any additional § 2255**

4

**motion that he might file subsequently will be subject to the restrictions on successive or second § 2255 motions set forth in 28 U.S.C. § 2255(h).**[2] Accordingly, Petitioner may withdraw his Petition or amend it so that it contains all of the § 2255 claims he believes he has. *See Castro*, 540 U.S. at 383; *Blackstock*, 513 F.3d 128. As set out fully on the final page of this Report and Recommendation, Petitioner has 14 days from the date this Order is served to submit any objections to this Report and Recommendation. Petitioner may advise the court within that same 14-day deadline that he wishes to withdraw his Petition or he may request to amend it so that all of the points he wishes to raise to the sentencing court pursuant to § 2255 are included.[3] *If Petitioner continues to consent to the conversion and transfer of his Petition to the Eastern District of North Carolina, he need not take any further action relative to this Report and Recommendation.*

III.     Recommendation

It is recommended that, having provided Petitioner with the proper notice and opportunity to respond as required by *United States v. Castro*, 540 U.S. 375 (2003), Respondent's Motion, ECF No. 17, be *granted* and this § 2241 Petition be recharacterized as a §

---

[2] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[3] Nothing in this Report and Recommendation is intended to prohibit the Eastern District of North Carolina from permitting Petitioner to amend his Petition.

2255 motion and that the Clerk of Court be directed to transfer it to the Eastern District of North Carolina for further proceedings.

    IT IS SO RECOMMENDED.

*[Signature: Kaymani D. West]*

July 11, 2014                                                  Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).